UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:

Richard A Worob                                         Chapter 13
                                                        Case Number 22-10061-JEB
            Debtor                                      Honorable Janet E Bostwick

_____/

**U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS
INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR
THE RMAC TRUST, SERIES 2016-CTT
OBJECTION TO MOTION TO EXTEND STAY**

Now comes U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CTT, by and through its attorneys Orlans PC and hereby files its Objection to the Debtor's Motion to Extend the Automatic Stay. In support of its Objection, U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CTT (hereinafter "U.S. Bank") states as follows:

*Rule of Law*

1. Pursuant to 11 U.S.C. §362(c)(3)(A), the automatic stay in the Debtor's current bankruptcy case is limited to 30 days.

2. To succeed on a Motion to Extend the Stay, the burden is on the Debtor to "demonstrate[] that the filing of the later case is in good faith as to the creditors to be stayed." *See 11 U.S.C. §362(c)(3)(B).*

3. The Debtor's subsequent filing "is presumptively filed not in good faith … as to all creditors, if … a previous case … was dismissed within such 1-year period, after the

    debtor failed to – file or amend the petition or other documents as required by this title or the court without substantial excuse." *See 11 U.S.C. §362(c)(3)(C)(i)(II)(aa).*

4. The Debtor's subsequent filing "is presumptively filed not in good faith … as to all creditors" where "there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case." *See 11 U.S.C. §362(c)(3)(C)(i)(III).*

5. The Debtor's subsequent filing "is presumptively filed not in good faith … as to all creditors" where there is not "any other reason to conclude that the later case will be concluded … with a confirmed plan that will be fully performed." *See 11 U.S.C. §362(c)(3)(C)(i)(III)(bb).*

6. The presumption that a case is not filed in good faith can be rebutted by the Debtor by presenting "clear and convincing evidence to the contrary." *See 11 U.S.C. §362(c)(3)(C).*

### *First Bankruptcy Filing*

7. On October 29, 2018, Richard A. Worob (hereinafter "Debtor") filed a voluntary Chapter 13 Petition with deficiencies, which was docketed as case number 18-14058 (hereinafter "First Case").

8. In that First Case, the Debtor attempted to modify U.S. Bank's secured claim through the Chapter 13 Plan. U.S. Bank objected to confirmation of the Plan on the grounds that the Plan relied upon a balloon payment in direct violation of the bankruptcy code, the Plan was not in the best interests of the creditors as the property did not generate sufficient income to pay the expenses on the property, and the Plan was not feasible. After a hearing on the matter, this Court sustained the Objection and entered an Order instructing the Debtor to file an amended plan.

9. At the time of filing the First Case, the claim of U.S. Bank totaled $231,461.31, and the pre-petition arrears totaled $61,904.29. *See Proof of Claim 8-1*.

10. The Debtor did not comply with the Court Order to amend the plan, and the case was dismissed on March 17, 2020.

*Second Bankruptcy Filing*

11. On November 1, 2021, Debtor filed a voluntary Chapter 13 Petition with deficiencies, which was docketed as case number 21-11595 (hereinafter "Second Case").

12. The case was filed in advance of a foreclosure sale scheduled for November 10, 2021.

13. On November 16, 2021, Debtor filed a Motion to Extend Time to File Documents, which was granted by the Court.

14. On December 6, 2021, the Court entered an order dismissing the case for failure to file the missing documents.

*Third Bankruptcy Filing*

15. On January 19, 2022, Debtor filed a voluntary Chapter 13 Petition with deficiencies, which was docketed as case number 22-10061 (hereinafter "Third Case").

16. The case was filed in advance of a foreclosure sale scheduled for February 2, 2022.

17. Debtor filed the missing documents on January 31, 2022.

18. Debtor filed a Motion to Extend the Stay on February 1, 2022.

19. U.S. Bank is in the process of drafting its Proof of Claim. Upon information and belief the total debt amount at the time of filing was approximately $281,518.35 with a pre-petition arrearage of approximately $123,831.90. The loan is contractually due for October 1, 2015. The claim is secured by a mortgage on Debtor's property located at 2 Hazelhurst Avenue, Ewing, NJ 08638 (hereinafter "Mortgage").

20. The Mortgage is serviced by Rushmore Loan Management Services, LLC.

21. In the Chapter 13 Plan filed in the Third Case, Debtor proposes modifying the Mortgage and paying the modified amount through the Plan. General Unsecured creditors are expected to receive a dividend of 0%.

### *Failure to File Documents*

22. Debtor's Motion states that the reason that he was unable to provide the necessary paperwork was "due to the emergency nature of the filing". The loan was 6 years in arrears at the time of the Second Case filing. The foreclosure Complaint was initially filed on June 14, 2016. Debtor's delay in filing for bankruptcy does not constitute an "emergency".

23. Debtor further states that the he was unable to file the missing documents due to "an inability to get an appraisal timely done." The court does not require an appraisal to be filed, and it was not strictly needed to complete the documents and file them with the court. Alternatively, Debtor could have requested an additional extension of time to file the missing documents.

24. Debtor has not identified a "substantial excuse" as to why they did not file the required documents in the Second Case and has not rebutted the presumption that the filing of this case was not in good faith. *See 11 U.S.C. §362(c)(3)(C)(i)(II)(aa).*

### *Substantial Change*

25. Debtor's Motion states that "[t]he change in circumstances between the Debtor' Prior Case and the Present Case is mainly that the Debtor has provided all the necessary documents, including an appraisal and this petition was filed complete."

26. U.S. Banks notes that the initial filing in the Third Case was "with deficiencies". Regardless, the Debtor's current compliance with court orders does not constitute "a substantial change in the financial or personal affairs of the debtor." *See 11 U.S.C. §362(c)(3)(C)(i)(III).*

*Confirmable Plan*

27. Debtor values the Property at $150,000 on Schedule A/B. U.S. Bank has obtained a Comparative Market Analysis that indicates a probable sale price of $220,000 and therefore asserts that the Property is undervalued by approximately $70,000. U.S. Bank reserves the right to obtain a full interior appraisal and to perform any other action that may be required to determine the value of the property as an income-generating parcel. *See attached exhibit.*

28. Even if the Court were to accept the Debtor's valuation of the Property, the Plan would not be confirmable in that it fails to account for real estate taxes and property insurance payments. Part 8 includes a statement that the "Debtor will be responsible for payment of the taxes and insurance on the subject property," but contains no explanation as to how the Debtor will be able to afford those payments. The expenses are not accounted for on Debtor's Schedule J. U.S. Bank estimates the monthly escrow payments to be $515.42. *See attached exhibit.*

29. Debtor's Plan also fails to take into account repairs or maintenance of the property. This is particularly troubling in light of the Appraisal provided by the Debtor, which indicates that the property is in "Below Average" condition.

30. Confirmation of the Plan can further be challenged on the grounds that it is not in the best interests of the creditors. General unsecured creditors will not receive any distribution under the Plan. As currently proposed, Debtor will be paying $3,310.00 to a secured creditor for a property that generates only $2,000.00 in income each month. This is essentially the same Plan proposed in the First Case, and U.S. Bank refers the Court to the hearing dated February 6, 2020, in which the Court questioned the benefit to the creditors and noted that creditors have the right to have Debtor's income devoted to the repayment of their claims.

31. U.S. Bank contends that the Debtor is not able to propose a confirmable Plan that will be able to be fully performed. *See 11 U.S.C. §362(c)(3)(C)(i)(III)(bb).*

WHEREFORE, U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CTT, by and through its attorneys respectfully requests that the Motion to Extend Stay be denied.

Date:  February 14, 2022

Respectfully Submitted,

*/s/ Stefanie D. Howell*
Stefanie D. Howell, Esq. 664739
Jason J. Giguere, Esq. 667662
Orlans PC
Attorneys for U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CTT
PO Box 540540
Waltham, MA 02454
Phone: (781) 790-7800
Email: bankruptcyNE@orlans.com
File Number: 22-001443